Appeal of **PATAPSCO BALLAST CO.**          Docket No. 1800.

> A corporation reporting on a calendar year basis, having a fractional calendar year in 1918 due to its organization and a fractional calendar year in 1919 due to its dissolution, may deduct its 1919 net loss from its 1918 net income.

Submitted March 31, 1925; decided April 29, 1925.

*South Trimble, Jr., Esq.*, for the taxpayer.
*A. H. Fast, Esq.*, for the Commissioner.

Before GRAUPNER, LANSDON, and GREEN.

This matter comes before the Board on the motion of the Commissioner to dismiss the appeal on the ground that the petition of the taxpayer does not state facts sufficient to sustain the appeal.

FINDINGS OF FACT.

The Patapsco Ballast Co., a Maryland corporation, was organized May 1, 1918. It ceased doing business and was dissolved on August 31, 1919. It elected to make its returns on the calendar year basis, and submitted a return covering the period from May 1, 1918, to December 31, 1918, showing a net income of $7,169.16. For the year 1919 it submitted a return covering the period from January 1 to August 31, 1919, showing a net loss of $4,111.46. The Commissioner determined a deficiency of $1,469.50.

DECISION.

The deficiency determined by the Commissioner is disallowed.

OPINION.

GREEN: This corporation contends that it is entitled to have its net loss, sustained in 1919, deducted from its net income reported in 1918. The Commissioner contends that it is not within the provisions of paragraph (b) of section 204 of the Revenue Act of 1918. This paragraph reads as follows:

(b) If for any taxable year beginning after October 31, 1918, and ending prior to January 1, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount of such net loss shall under regulations prescribed by the Commissioner with the approval of the Secretary be deducted from the net income of the taxpayer for the preceding taxable year; and the taxes imposed by this

title and by Title III for such preceding taxable year shall be redetermined accordingly. Any amount found to be due to the taxpayer upon the basis of such redetermination shall be credited or refunded to the taxpayer in accordance with the provisions of section 252. If such net loss is in excess of the net income for such preceding taxable year, the amount of such excess shall under regulations prescribed by the Commissioner with the approval of the Secretary be allowed as a deduction in computing the net income for the succeeding taxable year.

Does the fact that the corporation, reporting income on the calendar year basis, existed only from May, 1918, to August, 1919, preclude it from taking advantage of the relief thus provided?

As was indicated in the *Appeal of Carroll Chain Co.*, 1 B. T. A. 38, a corporation should not be denied the right to relief simply because it had, due to organization or dissolution, a fractional instead of a whole calendar or fiscal year. This corporation is entitled to the same treatment as a corporation having complete taxable years in 1918 and in 1919. If, as is alleged, it had a net loss in 1919, it is entitled to have such loss deducted from its net income for 1918. The situation here presented is easily distinguishable from that existing in the *Appeal of Butler's Warehouses, Inc.*, 1 B. T. A. 851. Here there was a taxable year, 1918. It is obvious to us that it is unnecessary that this corporation have a taxable year 1920.